**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAURO MATEO TOMAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.     19-72442

Agency No. A206-899-440

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2023[**]
Phoenix, Arizona

Before:  GRABER, CLIFTON, and CHRISTEN, Circuit Judges.

Mauro Mateo Tomas, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' (BIA) decision denying his request for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum and withholding of removal.[1]  We have jurisdiction pursuant to 8 U.S.C.

§ 1252(a).  We review de novo questions of law.  *Ahmed v. Holder*, 569 F.3d 1009,

1012 (9th Cir. 2009).  "We review for substantial evidence factual findings

underlying the BIA's determination that a petitioner is not eligible for asylum [or]

withholding of removal . . . ."  *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831

(9th Cir. 2022).  Because the parties are familiar with the facts, we recite only

those facts necessary to decide the petition.

The IJ cited concerns regarding Mateo Tomas's credibility, but the BIA did

not rely on credibility findings.  The BIA affirmed the IJ's determination that

Mateo-Tomas did not establish that his membership in a protected group was or

will be at least "one central reason" for persecution, as required for asylum,

*Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009), nor that such

membership was "a reason" for persecution, as required for withholding of

removal, *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–59 (9th Cir. 2017).

On appeal, Mateo Tomas addresses only the nexus to membership in his

father's family.  His sole argument is that this court should remand the case

because the BIA cited *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018) [hereinafter

*A-B- I*], a decision later vacated by *Matter of A-B-*, 28 I. & N. Dec. 307 (A.G.

---

[1]     Petitioner also initially sought relief under the Convention Against Torture (CAT), but the BIA held this claim to be waived and Petitioner does not challenge that holding before this court.

2021) [hereinafter *A-B- III*]. We reject that argument because substantial evidence supports the BIA's nexus determination independent of any change in law caused by the vacatur of *A-B- I*. The record reflects that a dispute between Mateo Tomas's father and a smuggler (Lopez) resulted in a physical altercation between the two men's families in which Mateo Tomas was injured. The BIA concluded that this fight and subsequent antipathy did not demonstrate that Petitioner was persecuted because of membership in his father's family, but rather amounted to "[a]cts motivated solely by criminal intent, personal vendetta, or personal desires for revenge," and thus did not support a claim for relief. This finding was supported by substantial evidence.

Mateo Tomas also argues that his counsel was not given the proper opportunity to develop Petitioner's testimony due to time constraints imposed by the IJ. "[A]n alien who faces deportation is entitled to a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf," and we will "reverse the BIA's decision on due process grounds if the proceeding was 'so fundamentally unfair that the alien was prevented from reasonably presenting his case,'" and the unfairness resulted in prejudice. *Colmenar v. INS.*, 210 F.3d 967, 971 (9th Cir. 2000) (quoting *Platero-Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir.1986)). Here, Mateo Tomas points to a statement the IJ made to counsel at page 72 of the hearing transcript. This statement falls far short of demonstrating

fundamental unfairness, and Petitioner has made no attempt to demonstrate that the alleged unfairness resulted in prejudice. For these reasons, the IJ did not violate Mateo Tomas's due process rights.

**PETITION DENIED.**

4